141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo Reyno MANANDEG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70597.
INS No. Acn-kxm-xsj.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 13, 1998**.
Decided March 24, 1998.
 
 Petition for Review of the Decision of the Board of Immigration Appeals.
 Before WOOD,*** HALL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pablo Reyno Manandeg petitions for review of the Board of Immigration Appeals's decision affirming the immigration judge's denial of his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 The facts are known to the parties and we shall not repeat them here.
 
 
 4
 To obtain reversal of the Board's decision, a petitioner must show that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite [past persecution or] fear of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. INS v. Elias Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence supports the Board's decision.
 
 
 5
 To the extent that Manandeg's claims are premised upon the NPA's attempts to recruit him and to extort money from him, they must fail. The record does not compel the conclusion that the NPA was motivated, even in part, by his political beliefs. Rather, a more likely explanation is that Manandeg was approached and threatened for his refusal to join or to fund the NPA, as any other person who so refused, irrespective of his political beliefs, would have been. See Elias-Zacarias, 502 U.S. at 482-83; Borja v. INS, No. 97-70272, slip. op. at ___ (9th Cir. March 20, 1998); Sangha v.. INS, 103 F.3d 1482, 1490 (9th Cir.1997).
 
 
 6
 To the extent that Manandeg's claims are founded upon allegations of harassment and violence that occurred subsequent to his becoming a police informer, they must also fail. Substantial evidence supports the Board's determination that the NPA's targeting of Manandeg was on account of his status as an informer, and not on account of his political beliefs. See Briones v. INS, No. 97-70321, slip. op. at ___ (9th Cir. March 20, 1998).
 
 
 7
 DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 **
 * The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3